| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Jill Sutter,

      Plaintiff,

v.

Bank of America, N.A.,

      Defendant.

**SUMMONS**

Court File No. _____

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    WALKER & WALKER LAW OFFICES, PLLC
    ATTN: Kimberly Zillig
    4356 Nicollet Avenue South
    Minneapolis, MN 55409

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you

agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: <u>April 12, 2021</u>

<u>/s/ Kimberly Zillig</u>
Andrew C. Walker #392525
Kimberly Zillig #278129
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357
***Attorneys for Jill Sutter***

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Jill Sutter,

    Plaintiff,

v.

Bank of America, N.A.,

    Defendant.

**COMPLAINT**

Court File No. _____

1. Plaintiff Jill Sutter ("Sutter") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by Bank of America, N.A. ("BoA").

2. BoA harassed Sutter by repeatedly calling her cell phone using a robodialer, an act strictly prohibited by the TCPA.

### VENUE, PARTIES, AND JURY TRIAL

3. Sutter is a natural person residing in Hennepin County.

4. BoA is a national association with a registered address of 100 N. Tryon Street, Charlotte, NC 28202.

5. Venue is proper because BoA regularly conducts business in Hennepin County, and because the claims at issue in this case occurred in and harmed a person living there.

6. Sutter demands a jury trial to the extent available under US Const. Amend. 7.

## THE TELEPHONE CONSUMER PROTECTION ACT

7. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

8. The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, an automated voice, or a pre-recorded message.

9. Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robodialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. See Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

## FACTS

10. BoA routinely calls Sutter on her cell phone attempting to collect debt.

11. BoA places these calls to Sutter using a robodialer, an artificial voice, or both.

12. When answering these robodialed calls, Sutter immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates BoA's robodialer calling Sutter, and then connecting to a live operator at BoA within a few seconds of answering.

13. These factors, paired with the frequency of the calls, strongly suggest that BoA was calling Sutter's cell phone using a robodialer.

14. BoA did not have Sutter's consent to use these electronic means to call her cell phone.

15. Sutter also explicitly revoked any consent to be called on her cell phone by sending a letter to BoA on or about October 14, 2020. *See letter attached as* **EXHIBIT A**.

16. Despite this explicit revocation, BoA continued to robodial Sutter's cell phone.

17. Following her revocation, BoA placed robodialed collection calls to Sutter on at least (but not limited to) 9 subsequent occasions.

18. BoA disregarded her revocation of consent and willfully continued to contact Sutter with impunity using a prohibited automatic telephone dialing system.

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT

19. Sutter incorporates all other allegations as if set forth herein in full.

20. The TCPA bans using robodialers and artificial voices to call cell phones absent the consumer's explicit consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

21. BoA violated 47 U.S.C. § 227(b)(1) by knowingly calling Sutter at least 9 times on her cell phone using an automatic dialing system and/or an artificial, pre-recorded voice without Sutter's consent.

22. BoA also ignored Sutter's explicit revocation of consent.

23. BoA thus willfully and knowingly violated § 227(b)(1).

24. Sutter was stressed and harassed by the frequency of BoA's calls to her cell phone, and by her inability to stop these calls, as is her right by statute.

25. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

26. Sutter is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of BoA's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## RELIEF REQUESTED

Sutter requests an Order for the following relief:

1. Judgment in favor of Jill Sutter and against Bank of America, N.A. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.

Date: <u>April 12, 2021</u>                <u>/s/ Kimberly Zillig</u>
                                           Andrew C. Walker #392525
                                           Kimberly Zillig #278129
                                           Walker & Walker Law Offices, PLLC
                                           4356 Nicollet Avenue South
                                           Minneapolis, MN 55409
                                           (612) 824-4357
                                           ***Attorneys for Jill Sutter***

## Acknowledgment

Plaintiff, by counsel, acknowledges that Minn. Stat. § 549.211 sanctions can be imposed.

Date: <u>April 12, 2021</u>           <u>*/s/ Kimberly Zillig*</u>
                                              Kimberly Zillig #278129

EXHIBIT A

from: Jill Sutter

1315 28th Ave NE

Minneapolis, MN 55418

To: Bank of America

PO Box 982238

El Paso, TX 79998

To Whom It Concerns,

My name is Jill Sutter. My phone number is 6122964145. Please don't call or text me anymore. These calls are very stressful, and I am in a time of financial distress.

If you need to look me up further, the last 4 digits of my social are: ▮▮▮▮, and my birthday is: ▮▮▮/2069.

Please do not call or text any of my references either.

**Signed,**          *Jill Sutter*          **Date**          Wednesday, October 14, 2020